## EXHIBIT INDEX

**Exhibit A** — Certified Order of Dismissal (Montana) ............................................................. 1

**Exhibit B** — Judgment on Retained Jurisdiction ................................................................. 2-5

**Exhibit C** — Idaho Docket Records (Case No. CR09-24-1731) ......................................... 6-8

      — Idaho Docket Records (Case No. CR28-24-7954) ....................................... 9-10

      — Idaho Docket Records (Case No. CV28-25-2441) ...................................... 11-12

**Exhibit D** — Intensive Supervision Program (ISP) Phase Requirements .................................. 13-17

**Exhibit E** — Pre-Approved Schedules Demonstrating Movement Restrictions ...................... 18-20

**Exhibit F** — Negative Urinalysis Results .......................................................................... 21

**Exhibit G** — Administrative Agreements of Supervision (Idaho) ............................................... 22-24

      — Administrative Agreements of Supervision (Montana) ......................................... 25-26

**Exhibit H** — Declaration of Courtney Anne Kelton (Probation Officer Statements Regarding Basis for ISP) ................................................................................................................. 27

**Exhibit I** — Declaration of Courtney Anne Kelton (Custody, Compliance, and Absence of Judicial Authority) ................................................................................................................. 28

# Exhibit A

Certified Order of Dismissal (Montana)

FILED
01/09/2026
Gallatin County Justic
Court of Record
STATE OF MONTANA
By: Belinda Schweigert
TK-100-2025-0005230
Adams, Bryan

MONTANA JUSTICE COURT OF RECORD, GALLATIN COUNTY

\* \* \* \* \*

| | | |
|---|---|---|
| STATE OF MONTANA,<br>Plaintiff, | ) <br> ) <br> ) | Case No.: TK-25-5230 |
| vs. | ) <br> ) <br> ) | ORDER DISMISSING CASE |
| COURTNEY ANNE KELTON,<br>Defendant. | ) <br> ) <br> ) | |

Upon the Motion of the State, and good cause appearing therefore,

IT IS HEREBY ORDERED that the above-entitled action be DISMISSED WITHOUT PREJUDICE.

Any hearings in this case are vacated, and the defendant's Surety Bond is exonerated.

ELECTRONICALLY SIGNED AND DATED BELOW.

COPIES:

Julie Cline, Deputy County Attorney
Courtney Kelton, Defendant

STATE OF MONTANA,  ss
County of Gallatin
I, _Ethan Neff_, hereby certify that
the above is a full, true and correct copy of the original as the
same appears in the files and records of the office of the
Justice of the Peace, Gallatin County, Bozeman, Montana.
Dated this _13_ day of _January_, _2026_
_____
Justice of the Peace/Court Clerk

Electronically Signed By:
Hon. Judge Bryan Adams
Fri, Jan 09 2026 03:45:04 PM

# Exhibit B

Judgment on Retained Jurisdiction

Filed:08/14/2025 13:37:12
First Judicial District, Kootenai County
Jennifer Locke, Clerk of the Court
By: Deputy Clerk - Larsen, Denice

**FIRST JUDICIAL DISTRICT COURT, STATE OF IDAHO**
**IN AND FOR THE COUNTY OF KOOTENAI**
**324 W. GARDEN AVENUE**
**COEUR D'ALENE, IDAHO 83814**

STATE OF IDAHO )
        Plaintiff, )
vs. )
          ) Case No: CR28-24-7954
Courtney Anne Kelton )
        Defendant. )
DOB:     02/01/1980 ) **JUDGMENT ON**
          ) **RETAINED JURISDICTION**
          )
          )
          )

On December 27, 2024, you were convicted of the following crime and sentenced as follows:

**Idaho Code § 37-2732(c)(1) Possession of a Controlled Substance, a felony, for a total unified sentence not to exceed four (4) years, commencing with a fixed term of two (2) years, to be followed by an additional two (2) year indeterminate sentence.**

**Sentence is concurrent with the sentence imposed in Bonner County Case No. CR09-24-1731.**

The Court retained jurisdiction pursuant to Idaho Code §19-2601.

The Court having received and considered evaluation reports concerning you and your proposed probation plan at the jurisdictional review hearing held on August 14, 2025, and it appearing therefrom that further execution of your sentence should be suspended;

**IT IS HEREBY ORDERED** that execution of your previously imposed sentence be suspended and you are placed on **supervised probation** for a period of **two (2) years** commencing on August 14, 2025, upon the terms and conditions set forth below, and the Agreement of Supervision of which you have been advised.

**IT IS FURTHER ORDERED** that by 05:00 p.m. on August 18, 2025, you shall report **in person** to the Office of Probation and Parole of the State Board of Corrections at 202 Anton, Coeur d'Alene, Idaho, 83814. Your failure to so report will be considered a violation of your

JUDGMENT ON RETAINED JURISDICTION:   CR28-24-7954            1

probation conditions and will constitute good cause to apprehend you and require you to serve the balance of your sentence. You shall endorse your receipt of a copy of said order and shall initial your acceptance, agreement, and consent to each of the terms and conditions contained in this order and Agreement of Supervision.

**IT IS FURTHER ORDERED** that you comply with each of the following **TERMS AND CONDITIONS OF PROBATION:**

1.    That you shall pay court costs and fees as previously ordered.

*Costs, fines, fees, and reimbursements are consecutive to Bonner County Case No. CR09-24-1731.*

2.    All of the above sums shall be paid to the Kootenai County Clerk at the Kootenai County Courthouse, in monthly installments to be determined by your probation officer, based upon your ability to pay. Based upon a periodic review of your financial circumstances, your probation officer may increase or decrease the amount of your monthly payment, it being the intent that your financial obligations under this sentence **be paid in full within one (1) year and six (6) months**. All payments shall be made in the form of cash, cashier's check or money order. The clerk shall distribute the payments in the priority set by the Idaho Supreme Court. A $2.00 handling fee will be imposed on each installment/partial payment.

3.    That pursuant to I.C. 19-2516, you shall pay an amount to be determined by the department of correction, not to exceed one hundred dollars ($100), of the cost of conducting the presentence investigation and preparing the presentence investigation report.

4.    That you shall submit to random UA's through probation and parole.

5.    That you shall attend and complete any rehabilitation, educational, and vocational training programs as your probation officer may designate.

6.    That you shall complete one hundred (100) hours of community service within one (1) year and six (6) months from the date of this Judgment. Community service is consecutive to the community service in Bonner County Case No. CR09-24-1731.

7.    That you shall comply with all of the rules, regulations and requirements of the Idaho Department of Corrections.

8.    That you will be supervised at any level deemed necessary by the Department of Correction, including the use of an electronic home monitoring device or interlock device.

9.    That you shall, at the request of your probation officer, submit to a polygraph

examination at your expense.

    10.    That you will be required to reside within the State of Idaho unless your probation officer expressly approves the transfer of your residence to another state.

    11.  That in addition to any other local incarceration, pursuant to Idaho Criminal Rule 33(e), you are ordered to serve thirty (30) days in the county jail to be scheduled at the request of your probation officer and upon the approval of the District Court.  The thirty (30) days may be served as either jail time or on the Kootenai County Sheriff's Labor Program at the discretion of your probation officer.

    **IT IS FURTHER ORDERED** that as long as you abide by and perform all of the conditions, execution of the original judgment and sentence will continue to be suspended.  If you violate any of the terms and conditions of your probation, you may be brought before the Court and may face imposition of the balance of your sentence.

    **IT IS FURTHER ORDERED** that any bail posted in this matter shall be exonerated, provided that any deposit shall be applied pursuant to **Idaho Code § 19-2923**.

### NOTICE OF RIGHT TO APPEAL

    **YOU ARE HEREBY NOTIFIED** that you have a right to appeal this order to the Idaho Supreme Court.  Any notice of appeal must be filed within forty-two (42) days of the entry of the written order in this matter.

    **YOU ARE FURTHER NOTIFIED** that if you are unable to pay the costs of an appeal, you have the right to apply for leave to appeal in forma pauperis or to apply for the appointment of counsel at public expense.  If you have questions concerning your right to appeal, you should consult your present lawyer.

              DATED:    8/14/2025 1:33:17 PM

Ross D. Pittman
District Judge #709

## CERTIFICATE OF MAILING/SERVICE

I hereby certify that on ____8/14/2025 1:36:17 PM____, copies of the foregoing Judgment were
sent to:

Prosecuting Attorney for Kootenai County EMAIL kcpaicourts@kcgov.us
Defense Attorney Dustin Marcello EMAIL info@northidaholawyer.com
Probation & Parole EMAIL dist1@idoc.idaho.gov
CCD Sentencing Team EMAIL ccdsentencingteam@idoc.idaho.gov
Idaho Department of Corrections EMAIL riderorders@idoc.idaho.gov
Community Service EMAIL DCCompliance@kootenai.idcourts.net

JENNIFER LOCKE
CLERK OF THE DISTRICT COURT

By _____
Deputy Clerk

JUDGMENT ON RETAINED JURISDICTION:     CR28-24-7954                    4

# Exhibit C

Idaho Docket Records (Case No. CR09-24-1731)

## Case Information

CR09-24-1731 | State of Idaho Plaintiff, vs. Courtney Anne Kelton Defendant.

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| **CR09-24-1731** | **Bonner County District Court** | **Jensen, Susie** |
| File Date | Case Type | Case Status |
| **05/03/2024** | **Criminal** | **Appealed Case - Supreme Court Appeal** |

07/11/2025 Transcript Lodged with the Trial Court ▼

    Comment
    **Sentencing hearing held 10/8/2024 & 12/27/2024 (M. Dotson)**

08/06/2025 Addendum to Pre-Sentence Investigation

08/06/2025 IDOC Agreement of Supervision

08/08/2025 Notice of Hearing & Order to Appear ▼

    Judicial Officer        Comment
    **Jensen, Susie**        **Retained Jurisdiction**

08/14/2025 Retained Jurisdiction Review ▼

Original Type
**Retained Jurisdiction Review**

Judicial Officer
**Pittman, Ross**

Hearing Time
**9:00 AM**

Result
**Hearing Held**

Comment
**(SBWCC) Via Zoom - Held in Kootenai County**

**Parties Present ▲**
   State: State of Idaho

     Prosecuting Attorney: Sherritt, Katie M.

   Defendant: Kelton, Courtney Anne

     Public Defender: Northam, Jay Edward

08/14/2025 Court Minutes ▼

    Judicial Officer        Comment
    **Pittman, Ross**        **08/14/25 Jurisdictional Review**

08/14/2025 Order ▼

    Judicial Officer        Comment
    **Pittman, Ross**        **for Release and Order to Report to Probation**

08/14/2025 Judgment ▼

    Judicial Officer        Comment
    **Pittman, Ross**        **On Retained Jurisdiction - Probation Ordered**

08/14/2025 DC Hearing Held: Court Reporter: # of Pages: ▼

Judicial Officer
**Pittman, Ross**

Comment
**Megan Dotson Less Than 100 Pages**

Idaho Docket Records (Case No. CR28-24-7954)

## Case Information

CR28-24-7954 | State of Idaho Plaintiff, vs. Courtney Anne Kelton Defendant.

| Case Number | Court | Judicial Officer |
|---|---|---|
| CR28-24-7954 | Kootenai County District Court | Pittman, Ross |
| File Date | Case Type | Case Status |
| 05/20/2024 | Criminal | Appealed Case - Supreme Court Appeal |

Result
Hearing Held

Comment
ZOOM

Parties Present ▲
  State: State of Idaho

    Prosecuting Attorney: Kootenai County Prosecutor (CR)

  Defendant: Kelton, Courtney Anne

08/14/2025 Court Minutes ▼

| Judicial Officer | Comment |
| --- | --- |
| Pittman, Ross | 08/14/25 Jurisdictional Review |

08/14/2025 Order ▼

| Judicial Officer | Comment |
| --- | --- |
| Pittman, Ross | for Release and Order to Report to Probation |

08/14/2025 Judgment After Ret Jurisd, Order of Prob, Relinquish Jurisd

09/11/2025 Notice of Withdrawal of Attorney

Idaho Docket Records (Case No. CV28-25-2441)

## Case Information

CV28-25-2441 | Courtney Kelton Petitioner, vs. State of Idaho Post Conviction Relief (Kootenai) Respondent.

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| **CV28-25-2441** | **Kootenai County District Court** | **Pittman, Ross** |
| File Date | Case Type | Case Status |
| **03/30/2025** | **H1c- Post Conviction Act Proceedings (District Court)** | **Inactive Pending- (Stay)** |

Comment
ZOOM

**Parties Present** ▲
  Petitioner: Kelton, Courtney Anne

  Respondent: State of Idaho Post Conviction Relief (Kootenai)

    Prosecuting Attorney: Holmes, Jamila Daphne

*07/23/2025 Court Minutes* ▼

| Judicial Officer | Comment |
|---|---|
| Pittman, Ross | Status Conference 07/23/2025 |

*07/30/2025 Order* ▼

| Judicial Officer | Comment |
|---|---|
| Pittman, Ross | Order Denying Motion for Reconsideration |

# Exhibit D

Intensive Supervision Program (ISP) Phase Requirements

# INTENSIVE SUPERVISION PROGRAM

Welcome to the Intensive Supervision Program (ISP).  As the program title states, the supervision is well beyond the intensity of traditional probation, parole or conditional release, and you can expect to be held accountable at a much higher level.  Your supervising ISP Officer will work closely with you to help you succeed in this program.  If you follow his/her advice, you should have no problems completing the program. We hope you will use this opportunity to your advantage so that you can remain being a productive member in our community.

## ISP/ISP SANCTION PROGRAM REQUIREMENTS

### CONDITIONS OF ISP

You will be required to sign *P&P 150-1.1(A&B) Conditions of ISP* to begin the program.  This form includes the program's standard conditions; special conditions determined by the Court, Board of Pardons and Parole, or Department of Corrections; and a Waiver of Extradition.

### AUTHORIZATION TO RELEASE INFORMATION

You will be required to sign confidentiality waivers to ensure communication between the ISP Officer and appropriate treatment programs and other public agencies/institutions.

### RESIDENT/VISITOR LIST

You will submit a list of all persons living in your home, persons that you wish to visit your home, and persons you wish to associate with. The list will be reviewed by the ISP Officer and is subject to his/her approval.  If you have an aggressive dog, the dog will not be allowed in the residence or on your property without the ISP Officer's approval.

### TELEPHONE/SCANNER RESTRICTIONS

1. You must have a working telephone or cell phone in your residence. The telephone must remain accessible during the entire ISP programming period.

2. You will not have a scanner or similar type of equipment in your residence.

### SCHEDULES

1. You will be required to keep a written, weekly, 24-hour schedule and abide by that schedule. Your schedule will also indicate where you will be on any approved pass time.

2. Any change in curfew hours will be approved and verified by the ISP Officer.  You will be required to maintain a curfew as determined by your ISP Officer during all phases of the program.

3. You will initially be equipped with electronic monitoring equipment and instructed in its use. Compliance with the schedule will be monitored by the equipment and supplemented with on-site visits by the ISP officer. The electronic monitoring system will alert the ISP Officer as to any schedule violations.

4. There will be NO SCHEDULE CHANGES with the exception of work, treatment and emergencies that will be verified (prior to or after the change, given the circumstances) by the ISP Officer.  You will be expected to contact an ISP Officer for authorization.

## SUPERVISION FEES AND OTHER FEES

1. All offenders on ISP/ISP Sanction will pay a supervision fee of $25.00 per month or $300 per year.

   **\*\*Note\*\*** For those individuals convicted of drug-related offenses, supervision fees will be no less than $50.00 per month pursuant to §45-9-202(2)(d)(ii), MCA, if ordered by the Court under the alternative sentencing authority.

2. This fee is payable every 3 months (quarterly). Failure to pay the supervision fees, or to become delinquent in payments, is cause for removal from the program.

3. If you are equipped with electronic monitoring equipment, you are responsible for the cost of the equipment, which is currently up to $4.14 a day.

## OFFENDER EMPLOYMENT

1. You will be required to supply the ISP Officer with relevant employer information.

2. You will be required to inform your employer of your ISP status. The ISP Officer will also notify employers with an employer notification letter.

3. The ISP Officer will make contacts at your job site.

4. You will be required to provide copies of pay receipts upon demand and any other financial records as requested by the ISP Officer.

5. You will immediately inform the ISP Officer of any change in your employment status.

## UNEMPLOYED OFFENDERS

1. When you are accepted into the ISP/ISP Sanction program and are unemployed, you must abide by the following conditions unless medically waived or disabled:
   a. Conduct 8 hours of job searching per day. Other employment search criteria may be prescribed and approved by the ISP Officer.
   b. Submit *P&P 150-1.1(H) ISP Daily Employment Search Log* to prospective employers for signature. The *Log* is to be presented to the ISP Officer weekly, at a minimum, and all contacts will be verified.

2. If you are terminated from employment, you will be subject to conditions "a" and "b" listed above. The conditions will be in effect until you secure new employment.

## OFFENDERS IN EDUCATIONAL PROGRAMS

1. If you are unemployed, you must be enrolled in an approved educational or vocational training program unless you have received a waiver for medical or disability reasons.

2. If deemed necessary by a college, university, vo-tech center or other educational institution, the ISP Officers must inform an administrator of the educational institution of your presence at the Institution.

3. Any exceptions to student status must be approved in writing by the ISP Officer.

## OFFENDER SUPPORT

1. Your family, friends and concerned community members may be informed of your status as necessary. In addition, the electronic monitoring process will be explained in detail.

2. *Treatment agencies will be contacted and enlisted in your support to the degree possible and advisable.*

## OFFENDER PROGRESS

At the end of 6 months, or at the completion of the ISP/ISP Sanction program, if you have met all program requirements, the ISP Officer will consider you for admission to traditional probation, parole or conditional release supervision.

## THE ISP PHASE SYSTEM

ISP consists of 3 phases. Your ISP Officer will determine when it is appropriate to move you into the next phase. The minimum time period for each phase is 60 days. ISP Sanction Program phase periods may be different based on the location and type of ISP Sanction program you are participating in.

## PHASE I REQUIREMENTS

1. You will be in Phase I status for a minimum of 60 days and must complete Phase I before moving to Phase II. You will file a **weekly 24-hour schedule** with the primary ISP Officer, and submit **written monthly reports** on forms provided.

2. You must maintain a substance-free (alcohol and drug) lifestyle. This will be measured by:
   a. urinalysis;
   b. breath analyzer; and
   c. vehicle/residence/personal searches.

   **Testing will be done** at the discretion of the ISP Officer and through a random selection process by the DOC's Offender Management Information System. Any positive test will result in disciplinary action and may include termination from the program. If you deny a positive result, the test will be verified through the Montana State Crime Lab.

***Any attempt to alter a urine sample will result in your immediate arrest and disciplinary action.***

3. You will be required to **meet face-to-face with an ISP Officer or another P&P Officer at least 4 times monthly.** Dropping off the weekly schedule or monthly report will not count unless a face-to-face meeting is conducted.

4. You will be required to maintain specific scheduled hours. The hours will be monitored by:
   a. electronic monitoring equipment, if required;
   b. home visits by ISP Officer or designee; and
   c. phone contacts by Department of Corrections' personnel.

5. You are required to secure and maintain full-time employment or an educational program unless medically waived or disabled. You must be able to verify full-time employment/education or other approved program. If unemployed, you must abide by the conditions of the "Unemployed Offenders" section above.

6. *You must comply with all treatment program requirements designated by the ISP Officer and submit verification of treatment attendance as directed by the ISP Officer.*

7. You must comply with all conditions stipulated by the Court, Board of Pardons & Parole or Department of Corrections, as well as the standard and special conditions of ISP.

8. You will be permitted up to **6 hours of pass time** weekly after the first 21 days of Phase I have been completed. All passes are to be approved by the primary ISP Officer, and he/she may waive the 21 days. Passes must be submitted to the ISP Officer or designee on the weekly schedule.

9. Travel outside the county of jurisdiction may be approved in Phase I by the ISP Officer. "Emergency" out-of-state travel, or overnight travel, may be granted but only by the RA/POII.

## PHASE II REQUIREMENTS

1. You will be in Phase II status for a minimum of 60 days and must complete Phase II before moving to Phase III. You are to maintain **weekly schedules** and **written monthly reports** as in Phase I.

2. You must maintain a substance-free (alcohol and drug) lifestyle. This will be measured by:
   a. Urinalysis;
   b. Breath analyzer; and
   c. Vehicle/residence/personal searches.

   **Testing will be done** at the discretion of the ISP officer and through a random selection process by the DOC's Offender Management Information System. Any positive test will result in disciplinary action that may include termination from the program. If you deny a positive result, the sample will be verified through the Montana State Crime Lab.

   **\*\*\*Any attempt to alter a urine sample will result in your immediate arrest and disciplinary action.\*\*\***

3. You will be required to **meet face-to-face with an ISP Officer or another P&P Officer at least 4 times monthly.** Dropping off the weekly schedule or monthly report will not count unless a face-to-face meeting is conducted.

4. You will be required to maintain specific scheduled hours. The hours will be monitored by:
   a. home visits by ISP Officer or designee;
   b. phone contacts by Department of Corrections personnel; and
   c. electronic monitoring equipment may continue to be utilized in Phase II and offenders extended on electronic monitoring will pay the cost of the monitoring.

5. You are required to secure and maintain full-time employment or an educational program unless medically waived or disabled. You must be able to verify full-time employment/education or other approved program. If unemployed, you must abide by the conditions of the "Unemployed Offenders" section above.

6. You must comply with all treatment program requirements designated by the ISP Officer and submit verification of treatment attendance as directed by the ISP Officer.

7. You must comply with all conditions stipulated by the Court, Board of Pardons & Parole, or Department of Corrections, as well as the standard and special conditions of ISP.

8. You will be permitted **9 hours of passes weekly**. All passes are to be approved by the primary ISP Officer. Passes must be submitted to the ISP Officer or designee on the weekly schedule.

9. Travel outside the county of jurisdiction may be approved in Phase II by the ISP Officer. "Emergency" out-of-state travel or overnight travel may be granted, but only by the RA/POII.

## PHASE III REQUIREMENTS

1. You will be in Phase III status for a minimum of 60 days and must complete Phase III before being eligible to be discharged from ISP/ISP Sanction. You will personally file a weekly schedule with your primary ISP Officer twice per month. Schedules for the weeks not requiring a face-to-face contact with your primary ISP Officer shall be turned into the Probation & Parole office. The P&P office will provide you a copy of this schedule. Written monthly reports are filed with your primary ISP Officer.

2. You must maintain a substance-free (alcohol and drug) lifestyle. This will be measured by:

a. *urinalysis;*
b. breath analyzer; and
c. vehicle/residence/personal searches.

**Testing will be done** at the discretion of the ISP Officer and through a random selection process by the DOC's Offender Management Information System. Any positive test will result in disciplinary action and may include termination from the program.  If you deny a positive result, the sample will be verified through the Montana State Crime Lab.

**\*\*\*Any attempt to alter a urine sample will result in your immediate arrest and disciplinary action.\*\*\***

3.  You will be required to **meet face-to-face with an ISP Officer 2 times per month.**

4.  You will be required to maintain specific scheduled hours.  The hours will be monitored by:
    a. home visits by ISP Officer or designee;
    b. phone contacts by Department of Corrections personnel; and
    c. electronic monitoring equipment may continue to be used in Phase III and offenders extended on electronic monitoring will pay the cost of the monitoring.

5.  You are required to secure and maintain full-time employment or an educational program unless medically waived or disabled. You must be able to verify full-time employment/education or other approved program. If unemployed, you must abide by the conditions of the "Unemployed Offenders" section above.

6.  You must comply with all treatment program requirements designated by the ISP Officer and  submit verification of treatment attendance as directed by the ISP Officer.

7.  *You must comply with all conditions stipulated by the Court, Board of Pardons and Parole, or Department of Corrections, as well as the standard and special conditions of ISP.*

8.  You will be permitted a total of **12 hours pass time a week.** Passes must be submitted on the weekly schedule.

9.  Travel may be approved for Phase III participants outside the county of jurisdiction by the ISP Officer.  "Emergency" out-of-state travel or overnight travel may be granted, but only by the RA/POII.

## OFFENDER RULES & DISCIPLINE

During the period of time you are on ISP/ISP Sanction supervision, you are subject to the rules and conditions of ISP. Any violation of these rules or conditions will be dealt with promptly by your ISP Officer.

If you are a parolee or conditional release offender and commit a violation and are found guilty by a P&P Hearings Officer, you will be subject to sanctions up to, and including, placement at the Montana State Prison or the Montana Women's Prison.

If you are a probationer and commit a violation, you will be subject to sanctions up to, and including, a Report of Violation to the Court, resulting in revocation proceedings.

Each of the ISP rules and conditions are connected to a Probation & Parole violation code and Severe and Major violations will be entered into your permanent record. These violations may impact your parole or your placement on ISP.  The following is a list of rule violations associated with your ISP rules and conditions:

# Exhibit E

Pre-Approved Schedules Demonstrating Movement Restrictions

## ISP WEEKLY SCHEDULE

Name: Courtney Kelting          Week of: 12-31  TO  1-6

| Wednesday Activity | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| ETSS | 18:00 | 19:00 | 615 S. 11th Ave. | 994-0300 |
| Walk | 11:00 | 12:00 | MacGregor | |
| | | | | |
| | | | | |

| Thursday Activity ⭐ | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| ETSS | 10:00 | 11:00 | 615 S. 11th Ave. | 994-0300 |
| Walk (meganback) | 13:00 | 14:30 | 2015 Amsterdam Rd | 422-8058 |
| | | | | |
| | | | | |

| Friday Activity | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| ETSS | 18:00 | 19:00 | 615 S. 11th Ave | 994-0300 |
| Walk | 11:00 | 12:00 | MacGregor | |
| | | | | |
| | | | | |

| Saturday Activity ⭐ | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| ETSS | 18:00 | 19:00 | 615 S. 11th Ave | 994-0300 |
| Walk | 11:00 | 12:00 | MacGregor | |
| | | | | |
| | | | | |

| Sunday Activity ⭐ | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| ETSS | 10:00 | 11:00 | 615 S. 11th Ave | 994-0300 |
| Walk | 12:00 | 13:00 | MacGregor | |
| Work → Town Pump | 13:45 | 20:15 | Old Business Hub Dr | 924-0990 |
| | | | | |

| Monday Activity | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| ETSS | 10:00 | 11:00 | 615 S. 11th Ave | 994-0300 |
| Walk | 11:00 | 12:00 | MacGregor | |
| Work → Town Pump | 13:45 | 20:15 | Old Business Hub Dr | 924-0990 |
| | | | | |

| Tuesday Activity ⭐ | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| Probation / ETSS | 9:30 | 11:00 | Probation C/ 615 S 11th Ave | 994-0300 |
| Winco | 11:00 | 12:00 | 3913 Max Ave | 517-7916 |
| Bozeman Co-Op | 12:15 | 13:15 | 908 W Main | 581-4089 |
| Donations | 13:30 | 14:15 | | 586-0985 |
| Antique Market | 13:30 | 14:15 | 8332 Huffine Ln | 586-0985 |
| Goodwill | 14:30 | 15:15 | 1212 Nickmbbt Ln | 388-8160 |

Home Address  540A MacGregor Rd            Phone #  406-422-3868
Vehicle Driven  Honda Civic / Yukon XL      Plate #  ETS35/ETS56
Your Next Appointment Will Be On  1/6/26 @ 1000                  at

## ISP WEEKLY SCHEDULE

Name: Courtney Keltano    Week of: 1-7 TO 1-13

| Wednesday Activity | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| Work - Town Pump | 10:45 | 11:45 | 5101 Business Hub Dr | 924-6990 0300 |
| Walk | 12:00 | 13:00 | MacGregor | |
| ETSS | 1800 | 1900 | 1075 S. 116th Ave. | |
| | | | | |

| Thursday Activity ✰ | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| Walk | 1100 | 1200 | MacGregor | 924-6990 0300 |
| ETSS | 1800 | 1900 | 1075 S. 116th Ave. | |
| | | | | |

| Friday Activity ✰ | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| Walk | 10:30 | 1130 | MacGregor | |
| Post Office | 12:00 | 1330 | 911 N Wern St | 388-9440 |
| ETSS | 1800 | 1900 | 1075 S 116th Ave. | 924-6990 0300 |
| ✰✰✰ Case Dismissed !! ✰✰✰ | | | | |

| Saturday Activity | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| Walk | 1100 | 1200 | MacGregor | 924-6990 0300 |
| ETSS | 1800 | 1900 | 1075 S. 116th Ave. | |
| | | | | |

| Sunday Activity | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| ETSS | 1000 | 1100 | 1075 S 116th Ave. | 924-6990 0300 |
| Walk | 1130 | 1230 | MacGregor | |
| Work - Town Pump | 13:45 | 20:15 | 5101 Business Hub | 924-6990 |

| Monday Activity ✰ | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| ETSS | 1000 | 1100 | 1075 S 116th Ave. | 924-6990 0300 |
| Walk | 1130 | 1230 | MacGregor | |
| Work Town Pump | 13:45 | 2015 | 5101 Business Hub Dr | 924-6990 |

| Tuesday Activity | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| Probation / ETSS | 930 | 1100 | 7850 S NI # Ave. | 587-8404 |
| ↳ Walk (Kirk Hill) | 1100 | 1230 | 1600 Tamwest Main St | 602-2606 |
| ↳ Dollar Store | 1230 | 1330 | | |
| WinCo | 1345 | 14:45 | 2913 Max Ave. | 577-7966 |
| MacKenzie River Pizza Co | 15:15 | 16:15 | 108 Alaska Frontage Rd | 388-0016 |
| Albertsons | 16:30 | 17:00 | 1611 Jackrabbit Ln | 388-0901 |

Home Address: 540 A MacGregor Psd    Phone #: 422-3858

Vehicle Driven: Honda Civic / Yukon XL    Plate #: EYT-555 / EYT-556

Your Next Appointment Will Be On: 1/13 People @ 1000    at _____

# ISP WEEKLY SCHEDULE

Name: Courtney Kellogg                    Week of: 1-14    TO    1-20

| Wednesday Activity | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| ETSS | 930 | 1030 | 1075 S IIcAve | 924-0300 |
| Premier Dental | 1030 | 1500 | 8707 Jackrabbit Chute | 813-8551 |
| | | | | |
| | | | | |
| | | | | |

| Thursday Activity | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| ETSS | 1800 | 1900 | 1075 S IIcAve | 924-0300 |
| | | | | |
| | | | | |
| | | | | |

| Friday Activity | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| ETSS | 1800 | 1900 | 1075 S IIcAve | 924-0300 |
| | | | | |
| | | | | |
| | | | | |

| Saturday Activity | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| ETSS | 1800 | 1900 | 1075 S IIᵗʰAve | 924-0300 |
| | | | | |
| | | | | |
| | | | | |

| Sunday Activity | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| ETSS | 1000 | 1100 | 1075 S IIcAve | 924-0300 |
| Walk | 1130 | 1230 | MacGregor | |
| Work - Town Pump | 1345 | 2015 | Bizl Business Hub Dr | 924-1090 |
| | | | | |

| Monday Activity | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| ETSS | 1000 | 1100 | 1075 S IIcAve | 924-0300 |
| Walk | 1130 | 1230 | MacGregor | |
| Work - Town Pump | 1345 | 2015 | Bizl Business Hub Dr | 924-1090 |
| | | | | |

| Tuesday Activity | Start Time | End Time | Address | Phone # |
|---|---|---|---|---|
| Probation | 930 | 1100 | | |
| Walk - Rick Hill | 1130 | 1300 | 1856 S IIᵗʰAve | 587-8404 |
| Dollar Store | 1315 | 1345 | 1107 W Main St | 603-2641 |
| Co-Op | 1400 | 1500 | 44 E Main St #4-108 | 633-3160 |
| WinCo | 1515 | 1615 | 2913 Max Ave | 577-7966 |
| Antique Market | 1630 | 1830 | 6239 Matthew Ct 7 | 556-0765 |

Home Address: 5104 MacGregor Rd                    Phone #: 406-422-3858
Vehicle Driven: Honda Civic / Nikon XL             Plate #: EYT-555 / EYT-556
Your Next Appointment Will Be On _____    at _____

# Exhibit F

Negative Urinalysis Results



# Montana Department of Corrections

## Substance Testing Listing

**Kelton, Cortney Anne - DOC ID** 9838



**Female**
*Gender*

**Chimes ID**

**Probation**
*Correctional Status*

**Bozeman Probation And Parole**
*Current Location*

**09/08/2025**
*Photo Date*

*Parole Eligibility Date*

**Jennifer Tobin**
*Supervising Officer*

**02/01/1980**          **45**
*Date of Birth*          *Age*

**No**
*Sexual Offender*

**Interstate Compact - Supervision From Other State**
*Status Reason*

**Sanction Complete**
*Location Reason*

*Prison Discharge Date*

*Social Security Number*

**No**
*Violent Offender*

**08/26/2025**
*Status Start Date*

**11/13/2025**
*Location Start Date*

*Probation Discharge Date*

**08/26/2025**
*Supervision Start Date*

| Collect Date | Collection Method | Result Date | Reason | Verification Lab |
|---|---|---|---|---|
| 12/19/2025 | UA | 12/19/2025 | Random UA Test | Not Applicable |
| Local Result: Negative | | | | |
| 12/13/2025 | UA | 12/18/2025 | Random UA Test | Not Applicable |
| Local Result: Negative | | | | |
| 12/10/2025 | UA | 12/18/2025 | Random UA Test | Not Applicable |
| Local Result: Negative | | | | |
| 12/09/2025 | UA | 12/18/2025 | Random UA Test | Not Applicable |
| Local Result: Negative | | | | |
| 12/07/2025 | UA | 12/09/2025 | Random UA Test | Not Applicable |
| Local Result: Negative | | | | |
| 12/05/2025 | UA | 12/09/2025 | Random UA Test | Not Applicable |
| Local Result: Negative | | | | |
| 12/01/2025 | UA | 12/02/2025 | Random UA Test | Not Applicable |
| Local Result: Negative | | | | |
| 11/27/2025 | UA | 12/02/2025 | Random UA Test | Not Applicable |
| Local Result: Negative | | | | |
| 11/26/2025 | UA | 12/02/2025 | Random UA Test | Not Applicable |
| Local Result: Negative | | | | |
| 11/24/2025 | UA | 12/02/2025 | Random UA Test | Not Applicable |
| Local Result: Negative | | | | |
| 11/20/2025 | UA | 12/02/2025 | Random UA Test | Not Applicable |
| Local Result: Negative | | | | |
| 08/26/2025 | UA | 08/26/2025 | Random UA Test | Not Applicable |
| Local Result: Negative | | | | |

# Exhibit G

Administrative Agreements of Supervision (Idaho)

Electronically Filed
8/6/2025 3:00 PM
First Judicial District, Bonner County
Michael W. Rosedale, Clerk of the Court
By: Michelle Larson, Deputy Clerk

Defendant Name: Kelton, Courtney
Case Number(s): CR09-24-1731

# IDAHO DEPARTMENT OF CORRECTION
## Agreement of Supervision

Below are the terms and conditions of probation/parole with the Idaho Department of Correction (IDOC). You must acknowledge your understanding of, and agreement to, each term and the condition(s) identified by initialing in the _____ areas provided below.

1. **LAWS AND CONDUCT:** I will obey all municipal, county, state, tribal, and federal laws. I will answer truthfully questions posed to me by any agent of the IDOC. If I am detained by law enforcement, I will tell the officer(s) that I am on felony supervision and provide the name of my probation/parole officer (PPO). I will notify my PPO of any such contact within 24 hours.

2. **REPORTING:** I will report as directed by my PPO.

3. **RESIDENCE:** I will reside in a location approved by my PPO and will not change my approved place of residence without first obtaining permission from my supervising officer. When home, I will answer the door promptly for any IDOC agent and allow him/her to enter my residence. I will grant access to other real property, my place of employment, and my vehicle for the purpose of inspection, visitation, and other supervision functions. I will not possess, install, or use any monitoring instrument, camera, or other surveillance or security device that could alert me to a PPO's visit. I will not keep any vicious or dangerous dog or other animal on or in my property that an IDOC agent perceives as an impediment to accessing the property.

4. **FIREARMS AND WEAPONS:** I will not purchase, carry, possess, or have control of any firearms, chemical weapons, electronic weapons, explosives, or other weapons. Any weapons or firearms seized may be forfeited to the IDOC for disposal. I will not reside at any location where firearms are present.

5. **SEARCH:** I consent to lawful searches by any agent of the IDOC and understand that searches may be conducted of my person, residence, vehicle, personal property, and other real property or structures owned or leased by me, or for which I am the controlling authority. I hereby waive my Fourth Amendment rights under the Idaho and United States Constitutions concerning searches.

6. **EMPLOYMENT:** I will seek and maintain employment, or a program, including being a stay-at-home parent, approved by my PPO. I will not change my employment or program without first obtaining permission from my PPO.

7. **ASSOCIATIONS:** I will not knowingly be in the presence of, or communicate with, person(s) that have been prohibited by the Court, the Parole Commission, or any IDOC agent.

8. **VICTIMS:** I will not have any direct or indirect contact with any past or present victim(s) without the approval of my PPO.

9. **CURFEW:** I will observe curfew restrictions as directed by my PPO.

10. **TRAVEL:** I will not leave the State of Idaho or my assigned district without first obtaining permission from my PPO.

11. **ALCOHOL:** I will not purchase, possess, or consume alcoholic beverages in any form, and will not enter any establishment where alcohol is a primary source of income. I will not work in an establishment where alcohol is the primary source of income unless otherwise ordered by the Court/Commission or my PPO.

12. **CONTROLLED SUBSTANCES:** I will only purchase, possess, or consume controlled substances lawfully prescribed for me, and only in the manner prescribed. I will not use or possess any substance my PPO prohibits me from using or possessing.

13. **SUBSTANCE ABUSE TESTING:** I will submit to any test for alcohol or controlled substances as requested and directed by any IDOC agent. A dilute or adulterated sample or a failure to provide a sample will be deemed a positive test. I agree that I may be required to obtain tests at my own expense. I hereby waive any objection to the admission of those blood, urine, or breath tests results presented in the form of a certified affidavit.

14. **EVALUATION AND PROGRAM PLAN:** I will obtain any treatment evaluation deemed necessary as ordered by the Court/Commission or requested by any agent of the IDOC. I will meaningfully participate in and successfully complete any treatment, counseling, or other programs deemed beneficial as directed by the Court/Parole Commission, or any agent of the IDOC. I understand I may be required to attend treatment, counseling, or other programs at my own expense.

15. **RELEASE OF INFORMATION:** I agree to sign any 'release of information' form that allows my supervising PPO to communicate with professionals involved in my treatment program(s).

16. **ABSCONDING SUPERVISION:** I will not leave or attempt to leave the state or my assigned district to abscond or flee supervision. I will be available for supervision as instructed by my PPO and will not actively avoid supervision.

17. **INTRASTATE/INTERSTATE VIOLATIONS:** I waive any objection to IDOC or my PPO providing evidence of any probation/parole violation when another district or state has requested the information for a probation/parole violation hearing, or a supervising officer has requested such information.

18. **EXTRADITION:** I waive extradition to the State of Idaho and will not contest any effort to return me to the State of Idaho. I will pay for the cost of extradition as ordered by the Court/Commission.

19. **COURT ORDERED FINANCIAL OBLIGATIONS:** I will pay all costs, fees, fines, and restitution in the amount ordered by the Court/Commission, in the manner designated by the Court/Commission or my PPO.

20. **COST OF SUPERVISION:** I will comply with Idaho Code 20-225, which authorizes the IDOC to collect a cost of supervision fee. I am responsible for paying my cost of supervision fees, and I will make timely payments as prescribed in my monthly cost of supervision bill.

21. **ELECTRONIC MONITORING:** I will comply with the IDOC electronic monitoring program at the request of any IDOC agent. I will not tamper with or disconnect any monitoring equipment and will always keep it properly charged. I will adhere to any curfew, restricted areas, or related schedule

requirements. I will promptly respond to and clear any equipment alerts and submit to breath testing when prompted to do so. I understand that I am responsible for care of the equipment issued to me and that I may be held financially and criminally liable for equipment that is damaged, lost, or not returned.

_____          07/10/25 _____
Probationer/Parolee Signature                   Date

COURTNEY JAMES ELTON
Probationer/Parolee Name (printed)

_____          07/15/2025 _____
Witness Signature                                Date

Rebecca White
Witness Name (printed)

IDOC Data Sensitivity Classification - L3 Restricted

Administrative Agreements of Supervision (Montana)



# Montana Department of Corrections
## Probation and Parole Division

### Conditions of Probation and Parole

**Your probation/parole is granted subject to the following conditions, limitations, and restrictions:**

## STANDARD CONDITIONS

1. **Additional Conditions**: The Montana Board of Pardons and Parole and the sentencing court have the authority to order that I abide by additional conditions and such conditions must be contained in the judgment or parole decision.

2. **Drug Testing**: I will submit to alcohol and/or drug testing on a random or regular basis as required by a Probation/Parole Officer.

3. **Illegal Drug Use**: I will not possess or use illegal drugs. I will not be in control of or under the influence of illegal drugs, nor will I have in my possession any drug paraphernalia.

4. **Jurisdiction of Supervision**: I am under the supervision of the department, subject to all requirements of a law-abiding citizen, and rules and regulations of adult probation and parole, including any sanctions.

5. **No Alcohol**: I will not possess or consume intoxicants/alcohol. I will submit to breathalyzer testing or bodily fluid testing as requested by a Probation/Parole Officer.

6. **Notification Requirements**: I must notify my supervising officer within 72 hours whenever I have a change in circumstances of employment or alternative approved programming, or any contact with law enforcement.

7. **Reporting (2024)**: I must personally contact my supervising officer or designee when directed by the officer.

8. **Residence (2024)**: I must obtain prior approval from my supervising officer before taking up residence in any location. I shall not change my place of residence without first obtaining permission from my supervising officer or the officer's designee. I must make the residence open and available to an officer for a home visit. I will not own dangerous or vicious animals and will not use any device that would hinder an officer from visiting or searching my residence.

9. **Searches (2024)**: Upon reasonable suspicion that I have violated the conditions of supervision, a probation and parole officer may search my person, vehicle, and residence, and I must submit to such search. A probation and parole officer may authorize a law enforcement agency to conduct a search, provided the probation and parole officer determines reasonable suspicion exists that I have violated the conditions of supervision.

10. **Travel (2024)**: I must obtain permission from my supervising officer or the officer's designee before leaving my assigned district. For any in-state travel, I must confer with my supervising officer about the travel permit policy.

11. **Weapons (2024)**: I am prohibited from using, owning, possessing, transferring, or controlling any firearm, ammunition (including black powder), weapon, or chemical agent such as oleoresin capsicum or pepper spray.

## OTHER CONDITIONS

12. **Counseling - Additional**: I will participate in any additional counseling determined appropriate or necessary by the Probation & Parole Officer and follow all resulting recommendations to the satisfaction of the officer and treatment provider.

13. **Doc No Victim Contact**: I will not knowingly have any contact, oral, written, electronic or through a third party, with the victim unless such contact is voluntarily initiated by the victim through the Department of Corrections. DOC staff may notify victims about the availability of opportunities for facilitated contact with their offenders without being considered "third parties."

14. **No Alcohol, Drug, Or Criminal Associations**: I will not knowingly associate with persons who abuse alcohol or use illegal drugs or otherwise violate the law.

15. **Absconding**: The Defendant shall not abscond from supervision. Absconding is a non-compliance violation as defined in §46-23-1001(1), MCA.

16. **Curfew**: I will abide by a curfew as determined necessary and appropriate by the Probation & Parole Officer.

17. **Medical Marijuana**: Pursuant to state law, I may not be a registered cardholder and may not obtain or possess

(PPD 6.3.201 (E&F) Conditions of Probation and Parole – Revision Date 07/29/19)     Print Date: 08/26/2025



# Montana Department of Corrections
## Probation and Parole Division

### Supervision Fees
### Offender Rights & Responsibilities

Pursuant to § 46-23-1031, MCA, the Department of Corrections Collection Unit shall collect supervision fees from all probationers, parolees, intensive supervision, conditional release, and interstate offenders supervised by the Probation & Parole Bureau.

As an offender under the supervision of the Department of Corrections, you are:

- Subject to supervision fees of $120.00 to $360.00 per year or $10.00 to $30.00 per month which are due quarterly for the preceding quarter. If convicted of a dangerous drug felony offense and placed on the Intensive Supervision Program (ISP) in lieu of imprisonment, you may be required to pay supervision fees of not less than $50 per month [§45-9-202, MCA]. Months will not be prorated. You will not be charged for supervision fees the first month you are on supervision; however, you will be charged for the last month you are on supervision, no matter how many days you are on supervision that month prior to discharge. You will not be responsible to pay supervision fees when incarcerated more than 30 days.

  **Standard Offenders:**
  The supervision fee assessed to standard offenders (those not on ISP) is $21/month. This includes offenders on conditional release status.

  **ISP Offenders:**
  Offenders placed on ISP are charged $25/month unless they have been convicted of a dangerous drug felony offense and placed on ISP in lieu of prison. The court may place an offender convicted of a dangerous drug felony offense on ISP in lieu of prison if approved by the Department as a condition of a suspended or deferred sentence and impose a $50/month supervision fee.

  **ISP Sanction Offenders:**
  Offenders placed on ISP as part of a hearing intervention will be assessed $21/month for supervision fees.

- Responsible for making payments to the Department of Corrections Collection Unit, P.O. Box 201350, Helena, MT 59620. All payments must be with a money order or cashier's check. You will submit your payments to the Collection Unit listing your name, District Court Judgment Number (ex. DC-01-45), and County of Sentence. You can submit one money order for payment on <u>restitution</u> and <u>supervision fees</u>; however, you must specify how much money is to go to restitution and how much is to go to supervision. If you fail to do so, the entire amount will be applied to restitution.

- Responsible for keeping payments current. Payments are considered delinquent when they are four (4) months in arrears. If you are found to be delinquent and have not received a hardship waiver, you may be subject to collection through a collection agency, be subject to an intervention hearing, or have your probation/parole/conditional release revoked. You may not be allowed to travel if your supervision fees are delinquent.

- Able to petition the Court / Board of Pardons and Parole / Deputy Chief at any time for a hardship waiver using the form provided.

- Able to request a refund through your Probation & Parole Officer, if overpayment results.

- To be informed of any balance owing 30 days prior to your discharge by your Probation & Parole Officer.

The current monthly supervision fee amount is:      $ 21   per month.

(PPD 6.3.201 (C) Conditions of Probation and Parole – Revision Date 07/29/19)

# Exhibit H

Declaration of Courtney Anne Kelton (Probation Officer Statements Regarding Basis for ISP)

## DECLARATION OF: Courtney Anne Kelton

*(Contemporaneous Account of Probation Officer Statements and Custody Basis)*

I, **Courtney Anne Kelton**, being of the age of majority and competent to testify, declare and state as follows:

1. I am the Petitioner in this action and have personal knowledge of the facts stated herein.

2. On **January 14, 2026**, I appeared in person for a scheduled probation meeting as required under Intensive Supervision Program ("ISP") conditions then being enforced against me.

3. At that meeting, I provided the supervising probation officer with a **certified copy of the Order Dismissing the Montana case,** which had been identified by probation as the basis for my placement on ISP.

4. *I asked the probation officer how the dismissal of that case affected my continued placement on* ISP and electronic monitoring.

5. The probation officer stated that my supervision in Montana was being enforced **via transfer from Idaho,** and that my placement on ISP had been imposed **because of the Montana case that was now dismissed.**

6. The probation officer stated that she was unsure how the dismissal affected ISP and left the room to consult with a supervising officer.

7. Upon returning, the probation officer informed me that the dismissal **"does not affect ISP"** and that I would remain on Intensive Supervision.

8. No judicial order, judgment, or written authority authorizing continued ISP placement after dismissal was produced, identified, or provided to me at that time.

9. I have never been provided with any **signed ISP order, post-dismissal judgment,** or **judicial directive** authorizing continued electronic monitoring or intensive supervision following dismissal of the Montana case.

10. My continued compliance with ISP conditions since that date has been compelled under threat of arrest and incarceration and does not constitute consent, waiver, or agreement to the asserted authority.

I declare under affirmation that the foregoing is true and correct to the best of my personal knowledge and recollection.

Executed on: January 16, 2026
Courtney Anne Kelton
Declarant, sui juris

# Exhibit I

Declaration of Courtney Anne Kelton (Custody, Compliance, and Absence of Judicial Authority)

**DECLARATION OF: Courtney Anne Kelton**

*(Custody, Compliance, and Absence of Judicial Authority)*

I, **Courtney Anne Kelton**, being of the age of majority and competent to testify, declare and state as follows:

1. I am presently restrained of liberty through enforcement of Intensive Supervision Program ("ISP") conditions, including electronic monitoring, pre-approval of movement and schedules, mandatory reporting, and compulsory bodily testing.

2. I have never been served with, nor received, any **signed judicial order** issued by a constitutional court authorizing my placement on ISP or continuation of such placement following dismissal of the Montana case on **January 9, 2026**.

3. I have never received any **transfer order, judicial warrant**, or **post-dismissal judgment** authorizing continued custody or supervision.

4. I possess copies of ISP Phase Requirements, pre-approved schedules, and supervision agreements for Idaho and Montana; however, none of these documents are signed judicial orders, nor do they identify any constitutionally valid judgment authorizing custody.

5. Since dismissal of the Montana case, I have remained in compliance with all imposed conditions under compulsion, including:

   - Attendance at required counseling,

   - Submission to random urinalysis testing, all of which have been negative,

   - Adherence to pre-approved schedules.

6. My compliance has been required under threat of arrest or sanction and does not constitute consent, waiver, or agreement to the asserted authority.

7. To my knowledge, and as reflected in the attached docket records, **no new judgment or judicial order** authorizing continued restraint of my liberty has been entered since dismissal.

I declare under affirmation that the foregoing is true and correct to the best of my personal knowledge and belief.

Executed on: January 16, 2026

Courtney Anne Kelton
Declarant, sui juris

**STRUCTURAL DEFECT SUMMARY**

*(Authority-First; Non-Administrative; Habeas / Quo Warranto)*

ISSUE PRESENTED

Whether any executive or administrative officer may lawfully restrain a person's liberty through supervision, electronic monitoring, or threat of incarceration in the absence of a constitutionally valid judgment issued by a constitutional court and without any enacted law conferring such authority.

UNDISPUTED FACTS

Petitioner is presently restrained of liberty through intensive supervision and electronic monitoring enforced under threat of arrest and incarceration. These restraints include compulsory reporting, bodily testing, restricted movement, and coerced compliance. Custody is ongoing, continuous, and executive in character.

The restraint is executed under color of Idaho authority by an administrative officer. Respondent has produced no constitutionally valid judgment issued by a constitutional court authorizing present custody and has identified no enacted law conferring authority upon an administrative officer to impose or continue restraint of liberty absent such a judgment.

STRUCTURAL DEFECT (DISPOSITIVE)

The power to restrain liberty is an exercise of judicial power. Under the Constitution and the enacted laws of Congress, that power is vested exclusively in constitutional courts and may be exercised only through a constitutionally valid judgment issued pursuant to enacted authority.

Executive and administrative officers possess no inherent or residual authority to adjudicate, sentence, or restrain liberty. Their role is strictly limited to the execution of lawful judicial judgments. Where judicial power has not lawfully attached, execution authority cannot arise.

Here, restraint of liberty is imposed and continued without judicial power at any stage. Administrative enforcement is being used as a substitute for constitutional adjudication. That substitution is constitutionally impermissible and incapable of cure by procedure, practice, duration, or compliance.

Respondent has identified no enacted law—nor can any be shown to exist—that authorizes an administrative office to restrain liberty in the absence of a constitutionally valid judicial judgment. Such authority is alien to the Constitution, repugnant to the separation of powers, and unknown to the enacted laws of Congress.

Because judicial power never lawfully attached, the asserted custody is void ab initio.

REQUIRED JUDICIAL DISPOSITION

Where custody exists without judicial power and without enacted authority, the Constitution leaves no discretion. Habeas corpus requires immediate discharge, and quo warranto requires cessation of the asserted authority to restrain liberty.

Accordingly, the only disposition consistent with constitutional command *is* immediate termination of all custody, supervision, monitoring, and enforcement actions imposed upon Petitioner, without remand, modification, or administrative referral.

Respectfully presented for authority-first adjudication.