UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COURTNEY ANNE KELTON,<br><br>             Petitioner,<br><br>    v.<br><br>THE DIRECTOR OF THE IDAHO DEPARTMENT OF CORRECTION,<br><br>             Respondent. | Case No. 1:26-CV-00033-REP<br><br>**INITIAL REVIEW AND REASSIGNMENT ORDER** |

Petitioner Courtney Anne Kelton has filed a Petition for Writ of Habeas Corpus or Quo Warranto. Dkt. 1. She has also filed a request for a temporary restraining order. Dkt. 2. Because it appears that Petitioner's entire action is subject to dismissal, and because not all parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case under 28 U.S.C. § 636(c), the Court will reassign this case to a United States District Judge and permit Petitioner to file a response to this Order.

### REVIEW OF PETITION

For the following reasons, the Court preliminarily concludes that Petitioner may not proceed. She may file a response to this Order that the District Judge will review before it decides whether to dismiss this case.

1. **Background**

Petitioner is on probation for an Idaho conviction under a retained jurisdiction Judgment in Kootenai County District Court Case No. CR28-24-7954. Dkt. 1-2 at 10,

**INITIAL REVIEW AND REASSIGNMENT ORDER - 1**

14.[1] Dkt. 1-2, at 5-8. Her probation is being supervised in Montana under the Interstate Compact for Adult Offender Supervision. *See* I.C. § 20–301.

Petitioner recently was charged in Montana with a crime. As a result of the Montana charge, probation officials placed her in the "Intensive Supervisor Program," which has many more restrictions that she previously had, including electronic monitoring. Dkt. 1-2 at 20-24. The Montana court dismissed the new criminal case without prejudice (meaning it can be brought again) (Dkt. 1-2 at 3), but the probation officials told her the dismissal did not require them to remove her from the Intensive Supervisor Program.

## 2. No Quo Warranto Private Cause of Action

A writ of quo warranto is "used to inquire into the authority by which a public office is held or a franchise is claimed." *Quo Warranto*, Black's Law Dictionary (11th ed. 2019). It is an ancient writ originally used by the King of England for ousting an individual found to possess their office unlawfully. *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1131 n.5 (9th Cir. 1994). A quo warranto action must be initiated by the government. "A private party does not have standing to bring such a proceeding." *U.S. v. Machado*, 306 F. Supp. 995, 1000 (N.D. Cal. 1969) (quoting *Neb. Territory v. Lockwood*, 70 U.S. 236, 240 (1865)); *see also Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933) (Quo warranto "in this instance could have been brought by the United States, and by it only, for there is no statute delegating to an individual the right to resort to it.").

---

[1] Petitioner has also submitted a court document showing that she was a defendant in Bonner County District Court Case No. CR09-24-173. The relevance of this conviction to the claims is unclear.

**INITIAL REVIEW AND REASSIGNMENT ORDER - 2**

Based on the foregoing, Petitioner, as a private individual, cannot bring a quo warranto cause of action. This claim is subject to dismissal.

### 3. No Habeas Corpus Action for Probation Conditions or Changes

Under 28 U.S.C. § 2254(a), a petitioner seeking habeas relief must be "in custody pursuant to the judgment of a State court" at the time the petition is filed. Petitioner is considered to be in state custody for purposes of § 2254. *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) (probation satisfies "in custody" requirement).

A habeas corpus action must challenge the *fact* of confinement or the *duration* of confinement. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Claims that challenge the *conditions* of confinement must be raised under 42 U.S.C. § 1983, the Civil Rights Act. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016).

Because Idaho officials (and Montana officials as their agents) have authority to impose any lawful conditions upon Petitioner during her probation,[2] they are correct in asserting that it does not matter whether or not the Montana prosecution was pursued to a conviction; in any event they have the discretion to increase the level of Petitioner's supervision if they deem it appropriate. *Cf. State v. Howard,* 475 P.3d 392, 395 (Mont.

---

[2] Idaho Code § 20-221(1) provides that the trial court may impose and modify any terms or conditions of probation. A court has broad discretion in imposing the requirements of probation, so long as the terms are reasonably related to the purpose of probation and rehabilitation. *State v. Mummert*, 566 P.2d 1110, 1112 (1977). Article X, § 5 of the Idaho Constitution grants the Idaho Board of Correction control over the state's penitentiaries and prisoners, where authority to supervise and impose conditions upon probationers lies. The Idaho Legislature implemented this constitutional directive by enacting I.C. §§ 20–201 to –249. The Board's prescribed powers include the power to appoint a state Commission of Pardons and Parole, I.C. § 20–210. Supervision of probationers may be delegated to out-of-state probation authorities under an interstate compact agreement. *See* the Interstate Compact for Adult Offender Supervision, I.C. §§ 20–301, 20–302.

**INITIAL REVIEW AND REASSIGNMENT ORDER - 3**

2020) ("The fact that the later charges were dropped after the revocation decision does not affect the character of the revocation hearing." *State v. Watts*, 717 P.2d 24, 26 (1986) (affirming revocation of sentence where kidnapping and assault charges that formed the basis of the revocation petition were later dropped by the State). Thus, conduct by the respondent that supports a new criminal charge or offense can also form the basis of the revocation petition, which must be proven by a preponderance of the evidence to establish a violation, but which may be demonstrated even if the criminal charges are dismissed. This is not the same proof necessary to obtain a conviction of the offense."). *Cf. Purdie v. Jacobs*, No. CIV.A. 86-5837, 1986 WL 12779, at *1 (E.D. Pa. Nov. 7, 1986) ("A parole board may revoke parole on the basis of an offense even if the parolee is never criminally charged, or if he is acquitted, or if the charges are dismissed prior to trial. All that is required is that the revocation be based on the board's independent, properly conducted procedures. *Robinson v. Benson*, 570 F.2d 920 (10th Cir. 1978); *United States v. Chambers*, 429 F.2d 410 (3d Cir. 1970). Consequently, plaintiff was not entitled to release solely because his criminal charges were dropped.").

If Petitioner disagrees with the imposition of the harsher conditions, a cause of action may lie in state court under the Idaho Constitution and statutes or in a civil rights action under 42 U.S.C. § 1983 in state or federal court. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (same). *See Mellinger v. Idaho Dep't of Corr.*, 757 P.2d 1213, 1218 (Ct. App. 1988) (holding that

**INITIAL REVIEW AND REASSIGNMENT ORDER - 4**

authority of Commission for Pardons and Parole to add intensive supervision program condition to inmate's parole did not violate the separation of powers doctrine of Idaho Constitution).

The particular facts Petitioner raises—that she was charged with a new crime, that her probation conditions intensified, and that the new crime was dismissed—do not transform her circumstance into a claim challenging the fact or duration of her conviction or associated probation. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (a claim lies "within the core of habeas corpus" only if it is one "attacking the very duration of the[] physical confinement itself"). Because the conditions probation officials impose for any variety of reasons is a claim that is not within the core of habeas corpus, Petitioner cannot proceed. The appropriate remedy for allegedly unconstitutional probation conditions is not discharge from probation, but rather an injunction prohibiting enforcement of the particular conditions.

4. **Failure to Exhaust State Court Remedies**

Finally, the Court concludes that, even if Petitioner's probation claim is cognizable in this § 2254 action, she cannot proceed in federal habeas corpus until she first exhausts her state court remedies before presenting his constitutional claims to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In Idaho, which provides for discretionary review in the highest appellate court, the petitioner must have presented his federal claims in a petition for review before the Idaho Supreme Court. *See id.* at 847. If a petitioner has not exhausted state court remedies as to a particular claim, a federal

**INITIAL REVIEW AND REASSIGNMENT ORDER - 5**

court may deny the claim on the merits, but it cannot grant relief on an unexhausted claim. 28 U.S.C. § 2254(b).

For all of these reasons, the Court preliminarily concludes that Petitioner cannot proceed, that all of her claims are subject to dismissal, and that temporary injunctive relief is not warranted. Petitioner may file a response limited to the subject matter addressed in this Order within 14 days after entry of this Order. This case will be reassigned to a United States District Judge for de novo review.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall reassign this case to a United States District Judge for de novo review.

2. If Petitioner has not already paid the filing fee of $5.00, she must do so within **14 days**.

3. Petitioner may file a response limited to the subject matter addressed in this Order within **14 days** after entry of this Order.

4. Petitioner shall file nothing further while awaiting an order from the District Court.

DATED:  January 22, 2026

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**INITIAL REVIEW AND REASSIGNMENT ORDER - 6**