IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF IDAHO

U.S. COURTS

JAN 27 2026

Rcvd\_\_\_\_Filed\_\_\_\_Time\_\_\_\_
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Courtney Anne Kelton,

Petitioner,

v.

DIRECTOR OF THE IDAHO DEPARTMENT OF CORRECTION,

Respondent.

Case No. 1:26-cv-00033-BLW

RESPONSE TO INITIAL REVIEW AND REASSIGNMENT ORDER

**JURISDICTIONAL LOCK (NON-RECHARACTERIZABLE)**

This action invokes the original habeas jurisdiction of this Court to determine the existence of lawful authority to restrain liberty, not the propriety of probation conditions, administrative discretion, revocation procedure, or sentence execution. Jurisdiction is predicated solely on the fact of present custody and the allegation that such custody exists without a subsisting judicial

judgment or enacted authority. No recharacterization as a conditions-of-confinement claim, civil rights action, administrative appeal, probation modification, or exhaustion-dependent proceeding is legally permissible unless and until Respondent first identifies a valid source of authority authorizing present restraint. Absent such authority, all secondary doctrines are inapplicable.

## I. SCOPE OF RESPONSE

This Response is submitted pursuant to the Court's Initial Review and Reassignment Order and is strictly limited to the matters addressed therein. Petitioner does not amend the Petition and does not seek to add claims, parties, or relief.

## II. THRESHOLD ERROR: THE ORDER ASSUMES LAWFUL AUTHORITY WITHOUT REQUIRING PROOF

The Initial Review Order proceeds on the unstated premise that lawful authority presently exists to restrain Petitioner's liberty. From that premise, the Order analyzes probation discretion, conditions versus custody, quo warranto standing, and exhaustion.

That premise is the precise issue raised by the Petition.

Where a petitioner alleges present restraint without lawful authority, habeas corpus requires the court to inquire into the cause of custody. The court may not assume the existence of authority

and then dismiss the action for failure to fit within doctrines that presuppose lawful custody. Until authority is identified, no further doctrinal analysis can attach.

### III. QUO WARRANTO WAS DISMISSED BY ASSUMPTION, NOT ENACTMENT

The Order concludes that a private individual cannot invoke quo warranto and relies exclusively on judicial decisions to reach that conclusion. The Order does not identify any legislative enactment withdrawing the ability of a habeas petitioner to demand that an executive officer show by what authority custody is exercised.

Petitioner does not seek to remove an officeholder or to vindicate a generalized public right. Quo warranto is invoked incident to habeas, as an authority-testing mechanism directed at the specific restraint of liberty at issue. No Act of Congress abolishing or restricting that function is identified. Judicial descriptions cannot substitute for legislative repeal.

Absent an enactment withdrawing this authority-testing inquiry, the conclusion rests on an assumed limitation.

### IV. THE ORDER RECHARACTERIZES CUSTODY AS "CONDITIONS" CONTRARY TO THE PLEADINGS

The Order concludes that Petitioner challenges only probation conditions rather than custody. This conclusion disregards the undisputed facts pleaded and supported by the record, including:

- continuous electronic monitoring,

RESPONSE TO INITIAL REVIEW AND REASSIGNMENT ORDER

- compelled reporting and bodily testing,

- restrictions on movement and association, and

- enforcement under threat of arrest and incarceration.

These facts establish custody in fact, regardless of administrative labels. The Petition does not contest how conditions are administered; it contests whether any authority exists to impose custody at all[1]. The Petition challenges the existence and source of lawful power to restrain liberty, not the manner in which administrative supervision is carried out.

Recharacterization cannot replace inquiry into authority.

## V. ADMINISTRATIVE DISCRETION CANNOT SUPPLY JUDICIAL POWER

The Order presumes that probationary or administrative discretion authorizes continued restraint notwithstanding dismissal of the Montana case. The Order does not identify:

- a post-dismissal judicial order authorizing intensified custody, or

---

[1] **Authority Clarification (Enactment-Based).**
For avoidance of doubt, Petitioner's challenge to the existence of lawful authority is directed to the **originating Idaho judgment itself,** including whether it constitutes a constitutionally valid judicial act capable of supporting present restraint of liberty. Petitioner does not seek review of discretionary supervision decisions or subsequent administrative execution. Rather, Petitioner alleges that **absent a valid, subsisting judicial judgment entered by a court of competent jurisdiction, no executive or administrative officer may lawfully impose custody,** and that the duty of this Court to inquire into the cause of such restraint arises upon the fact of custody itself, as preserved in the **Judiciary Act of 1789** and reaffirmed by the **Habeas Corpus Act of 1867.** This clarification does not expand the Petition, but identifies the precise source of authority that must be shown to exist before dismissal is legally permissible.

RESPONSE TO INITIAL REVIEW AND REASSIGNMENT ORDER

- any enacted authority permitting executive officers to originate or continue custody absent a subsisting judgment.

Execution authority does not create judicial power. Where no valid judgment is identified, continued restraint is unlawful as a matter of law. The Petition challenges origin and continuation of custody, not the reasonableness of supervision choices.

## VI. EXHAUSTION CANNOT BE REQUIRED BEFORE AUTHORITY IS SHOWN

The Order invokes exhaustion doctrine as an additional basis for dismissal. Exhaustion presupposes lawful custody imposed by a court of competent jurisdiction. Where the Petition alleges custody without authority, exhaustion doctrines do not apply because they assume the very conclusion in dispute.

Requiring exhaustion here would presume lawful jurisdiction elsewhere and thereby evade the authority inquiry habeas is designed to compel.

## VII. SINGLE DISPOSITIVE QUESTION FOR DE NOVO REVIEW

This case turns on one question, and one question only:

**What specific judicial judgment or enacted law authorizes the present restraint of Petitioner's liberty, including intensive supervision and electronic monitoring, as of the date the Petition was filed?**

RESPONSE TO INITIAL REVIEW AND REASSIGNMENT ORDER

If such authority exists, Respondent must identify it.

If no such authority exists, continued restraint is unlawful as a matter of law.

No dismissal may occur without answering this question.

**VIII. DE NOVO REVIEW AND LIMITS OF INITIAL REVIEW**

The case has been reassigned for **de novo review**. De novo review requires the District Judge to examine the Petition independently and to resolve jurisdiction and authority **without deference** to presumptions made at initial screening.

Initial review permits dismissal only where lack of jurisdiction or failure to state a claim is apparent on the face of the pleading. Here, the pleading alleges the absence of authority. Resolving that allegation against Petitioner without requiring Respondent to answer exceeds the permissible scope of initial review.

**IX. RELIEF REQUESTED**

Petitioner respectfully requests that the District Judge, on de novo review:

1. *Reject any presumption that lawful authority to restrain liberty exists absent proof;*

2. Require Respondent to identify the specific judicial judgment or enacted authority authorizing Petitioner's present custody; and

3. Decline dismissal at this stage unless and until such authority is produced.

RESPONSE TO INITIAL REVIEW AND REASSIGNMENT ORDER

This request seeks no merits determination and no expansion of claims, but only correction of the threshold authority analysis required to determine whether dismissal is legally permissible.

Respectfully,

Courtney Anne Kelton
Petitioner, sui juris
Date: January 23, 2026

# NOTICE OF MAILING

Notice is hereby given that on January 24th, 2026, the foregoing RESPONSE TO INITIAL REVIEW AND REASSIGNMENT ORDER was transmitted to the Clerk of Court for filing by United States Mail. Certified Mail number 9589 0710 5270 2653 6829 44 and PS Form 3811 Green Card Signature Required number 9590 9402 8824 4005 7604 60.

This notice is provided solely to document the method of filing and does not constitute service of process or service upon any party.