UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

COURTNEY ANNE KELTON,

                Petitioner,

    v.

DIRECTOR OF THE IDAHO
DEPARTMENT OF CORRECTION,

                Respondent.

Case No. 1:26-cv-00033-BLW

**SUCCESSIVE REVIEW ORDER**

On January 22, 2026, Chief United States Magistrate Judge Raymond E. Patricco reviewed Petitioner Courtney Anne Kelton's "Petition for Writ of Habeas Corpus or Quo Warranto." Judge Patricco determined that the Petition appeared subject to summary dismissal. The case was reassigned to the undersigned judge for de novo review—meaning without deference to Judge Patricco's analysis—and Petitioner was given an opportunity to respond. *Init. Rev. and Reassign. Order*, Dkt. 4.

Petitioner has now filed a response objecting to Judge Patricco's determination that the Petition appeared subject to summary dismissal. The Court now reviews the Petition, as well as Petitioner's response to the Court's previous order, to determine whether the Petition subject to summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

## REVIEW OF PETITION

### 1.    Standard of Law for Review of Petition

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see also see also Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (stating, in the context of a § 2241 petition, that "district courts are expected to take an active role in summarily disposing of facially defective habeas petitions.") (internal quotation marks omitted), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382, 218 L. Ed. 2d 421 (2024).

### 2.    Background

Judge Patricco accurately described the factual background of Petitioner's claims as follows:

> Petitioner is on probation for an Idaho conviction under a retained jurisdiction Judgment in Kootenai County District Court Case No. CR28-24-7954. Her probation is being supervised in Montana under the Interstate Compact for Adult Offender Supervision.
>
> Petitioner recently was charged in Montana with a crime. As a result of the Montana charge, probation officials placed her in the "Intensive Supervisor Program," which has many more restrictions that she previously had, including electronic monitoring. The Montana court dismissed the new

criminal case without prejudice (meaning it can be brought again), but the probation officials told her the dismissal did not require them to remove her from the Intensive Supervisor Program.

Dkt. 4 at 1–2 (internal citations and footnote omitted).

Petitioner objects to these probation restrictions, such as "intensive supervision, electronic monitoring, compelled reporting, and severe restrictions on movement and daily life." *Pet.*, Dkt. 1, at 5. Petitioner challenges "the existence of lawful authority to restrain liberty" and disclaims any "request for modification of supervision." *Id*. at 6.

**3.      Analysis in Initial Review Order**

Judge Patricco first addressed Petitioner's quo warranto argument: "A quo warranto action must be initiated by the government. A private party does not have standing to bring such a proceeding. *U.S. v. Machado*, 306 F. Supp. 995, 1000 (N.D. Cal. 1969) (quoting *Neb. Territory v. Lockwood*, 70 U.S. 236, 240 (1865))." Dkt. 4 at 2 (internal quotation marks omitted). Petitioner, as a private individual, could not "bring a quo warranto cause of action." Dkt. 4 at 2–3.

Next, Judge Patricco noted that Petitioner's challenge to the conditions of her probation is not cognizable in habeas corpus:

> A habeas corpus action must challenge the *fact* of confinement or the *duration* of confinement. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Claims that challenge the *conditions* of confinement must be raised under 42 U.S.C. § 1983, the Civil Rights Act. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) [(en banc)].
>
> Because Idaho officials (and Montana officials as their agents) have authority to impose any lawful conditions upon Petitioner during her probation, they are correct in asserting

that it does not matter whether or not the Montana prosecution was pursued to a conviction; in any event they have the discretion to increase the level of Petitioner's supervision if they deem it appropriate. *Cf. State v. Howard*, 475 P.3d 392, 395 (Mont. 2020) ("The fact that the later charges were dropped after the revocation decision does not affect the character of the revocation hearing." *State v. Watts*, 717 P.2d 24, 26 ([Mont.] 1986) (affirming revocation of sentence where kidnapping and assault charges that formed the basis of the revocation petition were later dropped by the State).

*Id*. at 3 (footnote omitted). Probation conditions claims are appropriately brought under 42 U.S.C. § 1983, not in federal habeas corpus. *Id*. at 4 ("If Petitioner disagrees with the imposition of the harsher conditions, a cause of action may lie in state court under the Idaho Constitution and statutes or in a civil rights action under 42 U.S.C. § 1983 in state or federal court.").

Finally, Judge Patricco stated that, even if Petitioner's challenge to her probation conditions could be heard in habeas corpus, the claim was unexhausted:

[Petitioner] cannot proceed in federal habeas corpus until she first exhausts her state court remedies before presenting his constitutional claims to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In Idaho, which provides for discretionary review in the highest appellate court, the petitioner must have presented his federal claims in a petition for review before the Idaho Supreme Court. *See id.* at 847.

*Id*. at 5.

Judge Patricco preliminarily concluded that the Petition appeared subject to dismissal.

SUCCESSIVE REVIEW ORDER - 4

**4.   Discussion**

Petitioner responded to the Initial Review Order by arguing that the Court incorrectly recharacterized Petitioner's claim as a probation conditions claim. Petitioner claims that the State had no authority or jurisdiction to impose the conditions after the Montana case was dismissed and that, therefore, her challenge is in fact to her custody, not to her probation conditions. Dkt. 6 at 1–4.

Petitioner is mistaken. The State had the jurisdiction and authority to impose additional probation conditions based on the new charges, and the fact that the charges were dismissed does not remove that jurisdiction and authority. The Petition is an attack on probation conditions and, as such, is not cognizable under the habeas corpus statute. *See Nettles*, 830 F.3d at 927 (stating that claims that do "not fall within the core of habeas corpus" may not be brought in such an action but must, instead, be brought under 42 U.S.C. § 1983) (internal quotation marks omitted). "The particular facts Petitioner raises—that she was charged with a new crime, that her probation conditions intensified, and that the new crime was dismissed—do not transform her circumstance into a claim challenging the fact or duration of her conviction or associated probation." Dkt. 4 at 5.

Petitioner also objects to the Court's quo warranto analysis, arguing that a legislative enactment was required to render quo warranto inapplicable. Dkt. 6 at 3. Again, Petitioner is incorrect. It is clear from United States Supreme Court precedent that quo warranto is only available to the government, not to individuals. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933) ("Quo warranto … could have been brought by the United States, and by it only, for there is no statute delegating to an

individual the right to resort to it.").

Petitioner also complains that the Court did not identify "a post-dismissal judicial order authorizing intensified custody" or "any enacted authority permitting executive officers to originate or continue custody absent a subsisting judgment." Dkt. 6 at 5–6. However, as Judge Patricco accurately explained, conduct giving rise to criminal charges and associated additional conditions of probation or parole may be imposed "even if the [new] criminal charges are dismissed." Dkt. 4 at 4; *see Purdie v. Jacobs*, No. CIV.A. 86-5837, 1986 WL 12779, at *1 (E.D. Pa. Nov. 7, 1986) ("A parole board may revoke parole on the basis of an offense even if the parolee is never criminally charged, or if he is acquitted, or if the charges are dismissed prior to trial. All that is required is that the revocation be based on the board's independent, properly conducted procedures.").

Finally, Petitioner claims she is not required to exhaust her claim because she is not under "lawful custody imposed by a court of competent jurisdiction." Dkt. 6 at 5. This is a false premise. The authority for the imposition of Petitioner's probation conditions stems from the underlying judgment in her criminal case. No other judgment was required for additional probation conditions to be imposed.

Although the Court has reviewed the Petition and Petitioner's response to the Initial Review de novo, it agrees with the analysis and conclusions of Judge Patricco. Accordingly, for the foregoing reasons, Petitioner's habeas claims must be dismissed as noncognizable and, alternatively, as unexhausted.

**ORDER**

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED with prejudice as noncognizable. Alternatively, the Petition is dismissed as unexhausted.

2. Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 2) is DENIED AS MOOT.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable and, therefore, will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: April 21, 2026

B. Lynn Winmill
U.S. District Court Judge